Reed, J.
The appellant is a corporation owning a ditch for the purpose of carrying and delivering water for irrigation, known as the Pawnee Ditch. Appellee was the owner of eighty acres of land under the ditch, and dependent upon it for water. His right to water was by virtue of a purchase from appellant of a right to water to be delivered annually during the irrigating season, supposed to be sufficient to irrigate eighty acres. It is alleged in the complaint that in the summer of 1890 appellant failed and neglected to keep its ditch in good order and condition, failed to furnish appellee the water to which he was entitled,—failed to keep a superintendent on the ditch for the purpose of supplying water. That by gross carelessness and negligence of the ditch company in the management of the ditch, and its failure to supply the water necessary to irrigate his crop of that season, the crop was injured and lost, damaging him $500.
The defendant specifically denied each allegation of the complaint. Trial was had to the court. The issues were found for the plaintiff. The finding was special, that the corporation was careless and negligent and the ditch mismanaged, and that as the result of such neglect and mismanagement appellee’s crop was injured, damaging him in the sum of $350, and costs, for which a judgment was entered, from which an appeal was taken to this court.
There is no question of law involved. Appellant contends that the finding was against the weight and preponderance of the evidence. The evidence was conflicting and contradictory. Appellant introduced testimony to show that the failure resulted from scarcity of water in the river from which the ditch was taken, and not from negligence and inattention. Appellee’s testimony tended to prove specific acts of negligence, carelessness and mismanagement, notably of a failure of the corporation to put in and maintain a proper dam across the river at the head of the ditch, to stop the water and turn it into the ditch; also of a total neglect to repair a flume on .the ditch that had given way or broken down.
*427 According to the well settled rule of this court, as well as that of other appellate tribunals, when the questions are purely of facts that have been determined by a court or jury, it will not interfere to set aside the finding, unless it is so manifestly unjust as to carry the conviction that it was the result of bias or prejudice. It is not enough that this court is of the opinion that it would have found the facts differently upon the evidence. Although there was a conflict of testimony, there was sufficient to support the finding. The scarcity of water in the stream was clearly shown by testimony of appellant, but this fact, instead of excusing it for acts of negligence, should have prompted it to the exercise of every practicable measure to utilize whatever water there was. Under the conditions and circumstances shown in this case, the results to the users of water, in a failure to supply it, are so disastrous and irremediable that the party contracting to supply it should not be exonerated from a failure to perform, except under circumstances clearly showing that the failure was chargeable to vis major, and not to negligence and inattention.
The judgment should be affirmed.

Affirmed.